IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BOWERS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | 2:11-cv-1426-LSC |
| ACCOR NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OF OPINION

## I.   Introduction

This case is before the Court on a notice of removal filed by Defendant Accor North America, Inc.[1] ("Accor") on April 28, 2011. (Doc. 1.) Accor based jurisdiction for the removal on the diversity of the parties, *see* 28 U.S.C. § 1332. Although Plaintiff Michael Bowers' ("Bowers") complaint did not contain an *ad damnum* clause for any specific amount, Defendant

---

[1] Defendant Accor points out that the proper party defendant is "Motel 6 Operating L.P.," but since it refers to itself as "Accor" in its pleadings and motions, so does this Court. (Doc. 11 at 1 n. 1).

contends that "the matter in controversy exceeds the sum or value of $75,000," based on a letter dated February 28, 2011 (the "letter"), in which Bowers demanded $125,000 from Accor's insurer to settle the case. (Doc 1-2 at 2–3.) Following a motion to remand (Doc. 5), the magistrate filed a report and recommendation that the case be remanded to Alabama state court on June 22, 2011. (Doc. 10.) Accor filed an objection to that report and recommendation on July 06, 2011. (Doc. 11.) The case was referred to this Court on July 7, 2011. (Doc. 12.) The Court ACCEPTS the findings and recommendation of the magistrate judge, and additionally feels it appropriate to supplement it as follows.

II. Discussion

A. Type of Removal

A state-court complaint that satisfies federal jurisdictional requirements may be removed by a defendant to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Section 1446(b) is divided into two paragraphs, and its provisions explain the procedural requirements that apply to removal in what are essentially three different sets of circumstances. The first is set forth by the first paragraph of § 1446(b), so-called "first-paragraph"

removal, which applies to situations where "a defendant relies on the complaint itself to establish the federal jurisdictional requirements." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1060 n.2 (11th Cir. 2010). Where the jurisdictional requirements are not evident from the complaint at the time that it is filed, the second paragraph governs. "Second-paragraph" removal encompasses two types of scenarios: the first type of second-paragraph cases are those where the jurisdictional requirements are met from the beginning, although their "removability was not initially ascertainable," *Michelin*, 613 F. 3d at 1061. The second type are those where the case shifts from being nonremovable to being removable due to a change in the nature of the dispute following the initial complaint. *Id.*

The present case is obviously not of this last variety; nothing about the nature of the case has altered its removabilty since it was first filed. Defendant's sole argument concerning the basis for removal centers around the letter sent from Plaintiff on February 28, 2011, a month before the complaint was issued.

Classifying this case between the first-paragraph and the first type of second-paragraph cases is less straighforward. At first blush, the lack of an

*ad damnum* clause in the complaint would seem to prevent the case from being removable as "stated by the initial pleading," therefore putting it into second-paragraph territory under the plain language of § 1446(b). The Eleventh Circuit, however, focuses the inquiry on the *timing* of the defendant's notice of the removability—and, apparently, the removal itself—rather than merely looking to whether the removability is ascertainable from the complaint. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744 (11th Cir. 2010) (holding the case to be a first-paragraph removal, although "the complaint [was] indeterminate," because the defendant "filed its notice of removal within thirty days of being served" with the summons and complaint).

In the "JURISDICTION" section of Accor's petition for removal, Accor quotes the first paragraph of § 1446(b), while leaving out the second. (Doc. 1 at 4.) Bowers points to this as proof that this is a first-paragraph removal in its motion for remand. (Doc. 5 at 2-3.) In its own opposition to Bowers' motion to remand, Accor openly states that "[t]he present case, like *Pretka*, involves a case removable under the first paragraph of 28 U.S.C. § 1446(b)." (Doc. 6 at 4.) Under the standard set by the Eleventh Circuit, this Court

agrees. Given the circumstances of this case, where the basis for federal diversity jurisdiction—and Accor's awareness of it—have not changed since the filing of the original complaint, the removal is of the first-paragraph variety.

B. The Amount in Controversy

The crux of the parties' dispute regarding subject matter jurisdiction is whether Bowers' Letter establishes that more than $75,000 is in controversy. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F. 3d at 752 (quoting *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001)). Accor contends that the Letter is sufficient to carry its burden in this regard; Bowers maintains that it is not.

It is true that when evaluating the amount in controversy, it is proper for "a district court [to] employ[] its judicial experience and common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." *Michelin*, 613 F. 3d at 1058. But it is equally true that "hazard[ing] a guess on the jurisdictional

amount in controversy without the benefit of any evidence on the value of individual claims" would be "impermissible speculation" on the part of the Court. *Pretka*, 608 F. 3d at 752 (quoting *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1220 (11th Cir. 2007)) (internal quotations omitted). Thus, the presence or "absence of factual allegations pertinent to the existence of jurisdiction is dispositive." *Pretka*, 608 F. 3d at 752. *See also Lowery*, 384 F. 3d at 1217 ("[T]he defendant is not excused from the duty to show by *fact*, and not mere conclusory allegation, that federal jurisdiction exists.") (emphasis added). Where there is an absence of fact on which the court can act, "the existence of jurisdiction should not be divined by looking to the stars." *Pretka*, 608 F. 3d at 752.

Accor contends that the amount in controversy requirement is satisfied by the letter, and claims that the "settlement demand shows by fact, and not mere conclusory allegation, that federal jurisdiction exists." (Doc. 6 at 4.) While it is in one sense a "fact" that Bowers made a demand for $125,000, the simple act of making the demand is not a "factual allegation pertinent to the existence of jurisdiction." *Pretka*, 608 F. 3d at 752. On the contrary, that demand is itself nothing more than a "conclusory allegation,"

and it makes no difference that Accor now adopts that allegation as its own.

Accor has cited to non-binding cases in which courts have put more weight on a plaintiff's settlement demand, *see, e.g., Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329 (M.D. Ala. 2008). The Court finds more persuasive, however, the reasoning of other courts which have questioned the soundness of relying on such settlement demands. *See, e.g, Constant v. International House of Pancakes, Inc.*, 487 F. Supp. 2d 1308 (N.D. Ala. 2007). In so doing, the Court acknowledges that it is entirely possible that a settlement demand might reflect a plaintiff's true evaluation of his claim. It might even represent a compromise position *lower* than its true value, in an attempt to make settlement attractive. But it also might simply be an attempt to stake out a bargaining position well above the actual value of a claim, or a mere exercise in "wishful thinking." *Id.* at 1312. The point is simply this: a bare settlement offer, without a sufficient factual basis to support it, is a thin reed on which to rest a determination of the amount in controversy.

The only factual basis for the amount in controversy here is the letter; specifically, its account of Bowers' condition, his treatment, and the

expenses for that treatment. (Doc. 1-2 at 2-3.) These expenses total $11,749.24. Accor points out—correctly—that Bowers' "medical bills are only one element of his claim," and that he "also seeks damages for pain and suffering and lost wages and he seeks punitive damages." (Doc. 11 at 7.)

While the magistrate did not address the issue, the Court accepts the proposition that medical bills of $11,749.24 might, under certain circumstances, be sufficient to demonstrate that the value of a claim exceeds $75,000. To determine whether this is the case, a court must look at what those bills are *for*. That is, a court should examine whether the costs to date represent the whole of the plaintiff's likely expenses (e.g., from one-time testing and diagnosis), or whether they are only the tip of the iceberg—and just the beginning of an endless course of treatment. In the present case, the recitation of Bowers' medical expenses is not especially telling by itself. The expenses are divided into some nineteen individual bills from various providers, spanning dates from March 24, 2009, to September 17, 2009. (Doc. 1-2 at 3-4.) The names of the providers are listed, but the names alone provides little insight as to what each bill was for, or what the likelihood of future expenses might be.

The portion of the letter preceding the list of medical bills, however, is more informative in this regard. Following the salutation, it states: "Please be advised that my client has *completed* his course of treatment." (*Id.* at 3) (emphasis added). Then, following a description of Bowers' treatments, it concludes that "Fortunately . . . Mr. Bowers [sic] pain has significantly subsided." The factual information contained in the letter thus does little to suggest that future pain or additional treatment raises the amount in controversy above the required threshold. On the contrary, it indicates that future treatment is unlikely, and that Bowers' pain has been alleviated. If anything, these factual statements in the letter suggest that the value of Bowers' claim is less than it might have appeared absent the letter.

A similarly fact-focused inquiry should be addressed to the other reason that Accor gives for why the amount in controversy is satisfied: Bowers' claims for wantonness and his request for punitive damages. The letter has little to say in this regard. The only mention of Accor's liability is found in the statement that "Mr. Bowers was injured when he fell in the bathroom at the motel operated by your insured as a result of a leaking

toilet." (Doc. 1-2 at 2.) There is nothing in the letter hinting at Accor's knowledge of this condition, let alone any wanton disregard for it. The only information in the record supporting the demand for punitive damages is the conclusory assertion in the complaint that Accor "acted negligently and/or wantonly." (Doc. 1-1 at 5.) This alone is not enough, and Accor has certainly done nothing to suggest its own wantonness; it flatly "denies that it was guilty of any negligence or wantonness." (Doc. 4 at 1.) Thus, even with the addition of the letter, there is simply not a sufficient factual basis here.

While the letter is not sufficient, it is worth noting that Accor did not need to rely on it alone. In first-paragraph removal cases, where the amount in controversy is not facially apparent from the complaint, the Court may consider "facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence." *Pretka*, 608 F. 3d at 754 (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107–86.4 to 107–86.5. (3d ed. 2010)). "Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal." *Id.* (quoting *Fowler v. Safeco Ins. Co. Of Am.*, 915 F. 2d 616, 617 (11th Cir. 1990). The

fact that Accor submitted the letter along with its petition for removal shows that Accor was plainly aware of its ability to do so. Yet nothing else has been submitted. Accor has put forward nothing—no other affidavits, sworn statements, unsworn letters, etc.—to suggest that pain and suffering, lost wages, or punitive damages put the amount in controversy here above the requisite amount. As discussed above, the letter itself fails to do this on its own. Even when "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," *Pretka*, 608 F. 3d at 752, the facts at hand do not support such a finding, and Accor has done nothing to bridge this gap.

    The Court is not unsympathetic to Accor's frustrations with the Janus-like statements of Bowers that his claim is worth $125,000 and yet worth less than $75,000. Nor is the Court insensitive to the uncomfortable position of a defendant pitted against its own interests in an attempt to survive remand. Yet the fact remains that "a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the applicable jurisdictional requirement." *Pretka*, 608 F. 3d at 752 (internal citations omitted). Without providing any real factual

basis, Accor's invitation to rely on the amount of the settlement demand would turn the determination of the amount in controversy into "a matter of judicial star-gazing." *Id.* At 754 (quoting *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F. 3d 767, 770-71 (6th Cir. 2009)). The fact that Accor, and now Bowers, have made a wish upon the star in question does not make the approach any less fanciful. Because Accor has not shown by a preponderance that the amount in controversy exceeds $75,000, the case must be remanded.

## III. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court hereby ADOPTS the magistrate judge's report as supplemented by this memorandum and ACCEPTS his recommendation. A separate order consistent with this opinion will be entered.

Done this 21st day of September 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167037